Dykman, J.
On the judicial settlement of the accounts of these executors they accounted for the estate of their testator in a manner satisfactory to the surrogate, and he so found and decided, and of that decision there is no complaint. He also provided in his decree that the executors retain and invest the whole of the estate remaining in their hands and pay out of the income derived therefrom the annuity of §5,000 to which the widow is entitled under the will of the deceased, and another annuity of §5,000 to Margaret E. Weston, Aven to her by the same will, and one-half of the remaining income to Isabella Petit and the other half to the general guardian of the infants when appointed.
The infants have appealed from this last portion of the decree under a claim that they are entitled to the immediate possession of the one-half of the residue of the estate, the income of which was received by their mother during her life. This claim is based on the tenth clause of the will which, standing alone, admits of such construction; but when viewed in connection with the entire scheme of the will, and so construed as to become harmonious therewith, it becomes modified and controlled so as to permit the executors to retain the possession of the whole estate to manage and invest and collect the income and pay the annuities *769 and exercise the discretionary powers with which they are invested by the will. The duties imposed on the executors by the eleventh clause of the will, if it had become operative, could have been discharged in no way if they were compelled to surrender the possession of the property, and the same remark may be applied to their duties under the twelfth clause of the will also. It seems plain from the provision of the will in question, taken and received collectively that the intention of the testator was that the executors or trustees should hold the estate together as long as the widow lived. In view of the liberal provision made for his wife, who seems to have been the primary object of his bounty, it would be unnatural to infer an intention on his part to remit her to her grandchildren for the collection of her annuity, or any part of it, by placing the principal from which it was to be derived in their hands and under their entire control. The better construction is, that the executors or trustees took the legal estate of the property in trust by implication to sell, lease, invest and pay over the income pursuant to the provisions of the will, and carry our all the directions contained therein.
The decree of the surrogate should he affirmed, with costs to the respondents, to be paid out of the estate.
Barnard, P. J., and Cullen, J., concur.